**XING CHENG–ZHEN, Petitioner,**

v.

**ATTORNEY GENERAL OF THE UNITED STATES,**
**Respondent.**

No. 05–0529–AG.

United States Court of Appeals, Second Circuit.

April 6, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Patrick L. Meehan, United States Attorney, (Robert A. Zauzmer, Paul Mansfield, Assistant United States Attorneys, on the brief), Philadelphia, Pennsylvania, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of a decision of the Board of Immigration Appeals ("BIA") is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order.

Xing Cheng–Zhen, though counsel, petitions for review of the BIA denying his

applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not adopt the decision of the IJ to any extent and issues its own opinion, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

In order to show that he was persecuted on account of his political opinion, an applicant must provide direct or circumstantial evidence that the persecutor's motive arises from the applicant's political belief. *INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). In certain circumstances, retaliation for opposition to government corruption can constitute persecution on account of political opinion. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540 (2d Cir.2005). In cases where the persecutor might have mixed motives persecution, the applicant is not required to show conclusively why persecution had occurred or might occur in the future. *In re S–P–,* 21 I. & N. Dec. 486, 490, 495, 1996 WL 422990 (BIA 1996).

In this case, the IJ credited Cheng–Zhen's testimony and found that "[t]he fact that the Chinese government through the police sought to suppress this vocal opposition [by protesters including Cheng–Zhen] by the use of physical force reflects the government's desire to suppress the respondent's intent and insistence on making his redress known to the Chinese government officials." Moreover, the IJ found, the government was motivated not by its interest in law enforcement, as evidenced by "[t]he government's decision to brandish batons and demonstrate an intent to commit violence, [which] was out of all proportion to any non-political end." Thus, the IJ concluded, the government had targeted Cheng–Zhen for his political views—not, contrary to the BIA's view, as part of a "legitimate prosecution."

The BIA did not hold that the IJ had erred in his factual findings, but rather found that those findings were not "grounds for a grant of asylum." But a "fear of reprisal 'on account of' having demonstrated opposition to the government policy" is sufficient to qualify one for asylum. *Yueqing Zhang,* 426 F.3d at 545. Nor did the BIA question the IJ's factual finding that "there is a pattern [or] practice of subjection and crack down [on] political dissent" in China and that Cheng–Zhen was one of "those individuals who the Chinese government view[s] as a threat to the public order" as someone "who engages in open and notorious dissent against the government." Country condition reports in the record amply supported the IJ's findings that those seen in this light by the Chinese government face a grave risk of persecution, as did a Notice of Summons from the government which the IJ noted was "uncontroverted." Because the BIA did not question the IJ's finding that the Chinese government sought Cheng–Zhen on account of his demonstrated opposition to government policy or the IJ's finding that Cheng–Zhen therefore had a well-founded fear of persecution, it was error to reverse the IJ's finding that Cheng–Zhen was entitled to asylum and withholding of removal. We therefore reverse the order of the BIA. We hold that Cheng–Zhen is eligible for asylum and order that withholding of deportation be granted to him. We remand so that the agency may determine whether there are discretionary reasons not to

grant asylum. *See* 8 U.S.C. § 1158(b)(1)(A), 8 C.F.R. § 208.14.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. The pending motion for a stay of removal in this petition is DENIED as moot.